HUNT (UNITED STATES v.). See Case No. 15,423.

---

## Case No. 6,901.

### HUNT v. WOODWARD.

[2 Cin. Law Bul. (1877) 71.]

Circuit Court, S. D. Ohio.

JUDGMENT OF ANOTHER STATE — ACTION UPON— CONCLUSIVENESS—SERVICE OF PROCESS—EVIDENCE.

1. In an action upon a judgment of another state, the recital in the record that the defendant was served with process, is not conclusive and does not estop the defendant from showing that he was not served with process and that the court acquired no jurisdiction over him.

2. In such case the record is prima facie evidence that the service was made, and this rule is not changed by the fact that the question of service is put in issue by the answer of the defendant, and the burden rests upon him to overcome the recital by competent evidence.

This action is brought upon a judgment rendered by the circuit court of Caldwell county, Missouri, in favor of the plaintiff [James F. Hunt] against the defendant [Samuel B. Woodward]. Among other defences set up in the answer, is, "that the defendant had no notice of the pendency of the suit; that he was not served with a summons; that he did not enter his appearance therein, and that the court had no jurisdiction over him." To this defence a general replication is filed. Upon the trial the plaintiff offered in evidence a duly authenticated copy of the record of the proceedings and judgment upon which the suit was brought. The defendant was examined as a witness, and testified that he had no notice of the suit, and was never served with process in the cause. The plaintiff offered in rebuttal proof tending to show that defendant was, in fact, served with process.

S. F. Thompson, for plaintiff.
General Ward, for defendant.

SWING, District Judge. Whatever doubt and diversity of opinion may exist, as to the effect of the judgment of a court of general jurisdiction upon the question of the jurisdiction of the court, so far as the supreme court of the United States is concerned, it is now definitely settled that such judgments are conclusive upon that question, but that the jurisdiction of the court pronouncing them may be inquired into, and the facts necessary to confer jurisdiction may be contradicted, and this, though the record of such judgment recites the facts which conferred the jurisdiction. Galpin v. Page, 18 Wall. [85 U. S.] 355; Thompson v. Whitman [Id. 457]; Knowles v. Gaslight & Coke Co., 19 Wall. [86 U. S.] 60. The defendant may, therefore, show in contradiction of the record that no service in fact was made upon him.

The record offered in evidence shows that the plaintiff brought suit against one Lewis C. Woodward in the circuit court of Caldwell county, Missouri; that, upon proper showing under the laws of Missouri, a writ of attachment and summons issued therein, commanding the officer to summon, in said cause as garnishee, the defendant herein, Samuel B. Woodward. The record shows affirmatively that the writ was served by the sheriff of said county upon Samuel B. Woodward as garnishee by reading; it shows further that the court found Samuel B. Woodward, garnishee though legally summoned, made default, and judgment was rendered against him by default, and an inquiry of damages was awarded, and that afterward such proceedings were had in the cause by which judgment was rendered against Samuel B. Woodward for the amount alleged in the petition. The record recites the fact that the defendant was served with process, and this must be taken as prima facie evidence that such service was made. Authorities, supra; 2 Greenl. Ev. 119; 2 Am. Lead. Cas. 644, 646; Cheever v. Wilson, 9 Wall. [76 U. S.] 123.

The fact that the question of service is put in issue by the answer of the defendant, does not change the character of the record as establishing prima facie the fact that such service was made, but the burden is upon the defendant to overcome this proof by evidence which shows that he was not served as recited in the record. If the testimony satisfies the jury that the recital of service in the record is not true, and that no service was made upon the defendant, their verdict will be for the defendant; but if such service was made, then their verdict will be for the plaintiff.